Patricia **CURTIS**, Plaintiff–Appellant,

v.

Jeff **HOGRAFE**, Defendant–Respondent.

No. 56273.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 27, 1990.

---

Joseph Pascal Sommer, St. Louis, for plaintiff-appellant.

Benson Cytron, House Springs, for defendant-respondent.

JOSEPH J. SIMEONE, Senior Judge.

This is an appeal by Patricia Curtis, as plaintiff-appellant, in a court-tried case, denying her recovery for damages to her motor vehicle when it was involved in a collision with a vehicle driven by the defendant-respondent, Jeff Hografe. She appeals from a judgment of the circuit court of Jefferson County in favor of Hografe after a trial de novo from an associate circuit judge, who had rendered judgment in her favor. Section 512.180, R.S.Mo.1986. We affirm.

On March 17, 1984 (sometimes referred to as 1983 in the transcript), a Datsun pick-up truck owned by Patricia Curtis and driven by her son, James, age 17, with her permission, was involved in a collision with a vehicle driven by Hografe and owned by Joseph Willy. Mr. Willy was a passenger in the Hografe vehicle at the time of the collision.

The testimony was contradictory. The evidence taken in the light most favorable to the judgment showed the following. The night of March 17 was cold; it was raining and sleeting. At about midnight James Curtis was on his way home, driving south on Lemay Ferry Road. Lemay Ferry is a 4–lane road—two lanes on each side. Hografe was also south-bound, in the right lane, next to the shoulder in front of the Curtis vehicle. Hografe started to make a right turn into an apartment complex, when his vehicle was hit in the right rear by the left driver's side of the Curtis vehicle. Although James Curtis testified that the Hografe vehicle, which was in front of him, was in the lane next to the center line of south-bound Lemay Ferry Road with its left blinker lights on, and at a point when his vehicle was 10–20 feet behind, Hografe pulled into Curtis' lane and made a right turn into the lane next to the shoulder, both Mr. Willy, a witness called by the plaintiff, and Hografe testified that the Hografe vehicle was always driven in the right lane next to the shoulder and was never in the lane next to the center line. When Hografe attempted to turn right into a driveway at an apartment complex, his vehicle was hit from the rear. The left front driver's side of the Curtis vehicle collided with the right rear passenger side of the Hografe vehicle. Curtis had applied his brakes but slid into the vehicle. According to Hografe, Curtis "came down the street and just ran into the rear end" of his vehicle.

The Curtis vehicle was owned by his mother, Patricia. It was used by James

most of the time. At the time of the collision, James was not on any errand for his mother nor was there any agency relationship between them. At the time of the collision, James was on his way home from his girlfriend's house.

In summing up the evidence after testimony was given, counsel for Patricia informed the court that this was a pure bailment situation and that James, as bailee, was using the vehicle for his own benefit.

After the evidence, the trial court rendered judgment in favor of the defendant-Hografe "on all issues."

On appeal, Curtis contends that the trial court erred in not entering judgment in favor of plaintiff because the trial court "clearly did not consider the bailment (as shown by the evidence) thus Appellant could not, by law, be at fault. Therefore Appellant was entitled to recover 100% of her damages from Respondent."

The respondent, Hografe, contends that the evidence, although contradictory, shows that he was not negligent in any respect, and that respondent certainly cannot be held to be negligent as a matter of law.

The respondent has also made a motion for damages for a frivolous appeal, pursuant to Rule 84.19. This motion was taken with the case and is now denied.

This is a court-tried case. The standard for review is well-settled by the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment is to be affirmed unless there is no substantial evidence to sustain it, unless it is against the weight of the evidence, or unless the judgment erroneously declares or applies the law.

Under these principles, there is no error and we affirm the judgment in favor of respondent.

The primary issue involved is whether the trial court erred in resolving the issue of whether Hografe was, in any way, negligent in operating his automobile at the time of the collision. Although the evidence was contradictory, credibility and contradictory facts are for the trier of facts

to resolve. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483 (Mo. banc 1980). The evidence shows that Curtis was driving his mother's vehicle in the lane next to the shoulder south-bound on Lemay Ferry Road. In front of him in the same lane also driving south was the vehicle driven by Hografe. When Hografe began to turn right into the Chalet apartment complex, he was hit from the rear.

The fountainhead of the rear-end collision doctrine in Missouri has been said to be *Jones v. Central States Oil Co.*, 350 Mo. 91, 164 S.W.2d 914 (1942). Originally, the cases, including *Jones v. Central States*, distinguished this doctrine from res ipsa loquitur, but in recent cases it is said that the doctrine approaches, if it does not reach, that of res ipsa loquitur, in that, under the circumstances, the fact of collision bespeaks negligence. The applicability of the doctrine now is determined in "much the same manner courts approach the use of res ipsa loquitur in other situations." *Mueller v. Storbakken*, 583 S.W.2d 179, 182 (Mo. banc 1979).

The court determines from all the evidence, taken in the light most favorable to the proponent of the theory, that the collision with the rear of the lead vehicle may be found to have occurred under circumstances which the court believes would permit [the trier of fact] to draw an inference of negligence without proof of what action or omission comprised the negligence by the driver of the following vehicle.

*Mueller, supra*, 583 S.W.2d at 182.

The rationale of this doctrine is simply that, when the evidence is taken most favorably, the party in the vehicle behind, here James Curtis, has a view of what is in front and can better explain why his vehicle struck the rear of the car ahead. For a full discussion of the decisions, *see Mueller, supra*.

It has been held that the doctrine can be utilized for defensive purposes, and that a judgment in favor of a defendant whose vehicle is struck from the rear by the plaintiff may be affirmed. *Mueller v. Storbakken, supra*.

The trial court made no specific findings of fact or law, but resolved "all issues" in favor of defendant-respondent. Rule 73.-01(a)(2) provides, in part, that "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." The appellate court will defer to the trial court's resolution of the evidence and the credibility of the witnesses and considers only those facts and inferences favorable to the prevailing party. *Slay Warehousing Co., Inc. v. Leggett,* 762 S.W.2d 63, 63–64 (Mo.App.1988). Conflicts in the evidence are for the trial court to resolve, and the facts must be taken in accordance with the result reached by the trial court. *Bollinger v. Sigman,* 586 S.W.2d 773, 775 (Mo.App.1979); *Trenton Trust Co. v. Western Sur. Co., supra,* 599 S.W.2d at 483.

■ The trial court undoubtedly concluded that the respondent, Hografe, was not negligent, and hence rendered judgment in his favor. We find that there was substantial evidence in the record to support such finding.

The contention of appellant that James was not on any errand for her, that he was operating the vehicle for his own use and that he had exclusive right of possession, and that James was merely a bailee so that any negligence on his part cannot be imputed to her as bailor, has no merit under the facts of this case.

■ It is true that the law of this state is settled that in an action by a bailor against a third party for damages to the bailor's property while in the possession of the bailee, if there is no element of principal and agent, employer and employee, or of partnership existing between the bailor and bailee, the negligence, if any, of the bailee cannot be imputed to the bailor. *Niedner v. Wabash R. Co.,* 219 S.W.2d 886, 889 (Mo.App.1949). But this principle is inapplicable where the evidence shows, and the trial court finds that the defendant in the action is in no way negligent, and enters judgment for defendant. The issue of bailment, raised by appellant, is therefore, irrelevant.

Neither is *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983) applicable to the facts of this case. The trial court, in rendering judgment, undoubtedly concluded that the respondent was not at fault and that James Curtis was totally responsible for the vehicular collision, thus obviating the question of the bailment relationship.

We have read the entire transcript, the briefs and the authorities relied upon by the appellant, and conclude, under the law and the evidence, there is no error.

The judgment is affirmed.

SIMON, C.J., and DOWD, J., concur.